**Rosemond K. PETTIGREW; et al., Plaintiffs—Appellants,**

**v.**

**Linda LINGLE, Governor of the State of Hawaii, in her official and in her individual capacity; et al., Defendants—Appellees,**

**and**

**Edward Patrick Watson; et al., Defendants.**

**No. 06–15764.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 30, 2007.

Rosemond K. Pettigrew, Kaunakakai, HI, pro se.

Chris K. Hanapi, Kaunakakai, HI, pro se.

Christine E. Savage, Esq., AGHI–Office of the Hawaii Attorney General, Bonita Y. Chang, Esq., Fukunaga, Matayoshi, Hershey & Ching, Jonathan H. Steiner, Esq., McCorriston Miller Mukai MacKinnon LLP, Reid A. Nakamura, Esq., Oliver Lau Lawhn Ogawa & Nakamura, Lorrin B. Hirano, Title Guaranty of Hawaii Inc., James N. Duca, Esq., Kessner Duca Ume-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

bayashi Bain & Matsunaga, Honolulu, HI, Laureen L. Martin, Dept. of Corporation Counsel, Wailuku, Maui, HI, for Defendants–Appellees.

Harry Yee, USH–Office of the U.S. Attorney, Honolulu, HI, for Defendants.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM **

Rosemond K. Pettigrew and Chris K. Hanapi appeal pro se from the district court's judgment dismissing their action alleging that various individuals, title corporations, and state and federal officials conspired to deprive them of their civil rights and property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003), and we affirm.

Appellants contend that the *Rooker–Feldman* doctrine does not apply in this case. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). We disagree. The district court properly dismissed Appellants' action pursuant to *Rooker–Feldman* because it is a "de facto appeal" of the prior state court judgments adjudicating the boundaries and ownership of real property and raises claims that are "inextricably intertwined" with those state court decisions. *Id.* at 1163, 1165; *see also Exxon Mobil Corp. v. Saudi Basic Indus.*

Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker–Feldman* bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking district courts to review and reject those judgments.).

Appellants' remaining contentions are without merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

